T.C. Memo. 2003-141

UNITED STATES TAX COURT

STEVEN G. ORR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8305-02L.                    Filed May 19, 2003.

Steven G. Orr, pro se.

Gary M. Slavett, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Petitioner appealed to this Court from respondent's determination to go forward with the collection of petitioner's outstanding and unpaid 1995 and 1996 tax liabilities.  This case was calendared for trial at the Court's March 24, 2003, Los Angeles, California, trial session.  On March 31, 2003, the parties appeared, and petitioner provided testimony

and argument. Respondent contends and we agree that this Court's review in this case is limited to the question of whether respondent abused his discretion in determining to proceed with collection of petitioner's 1995 and 1996 income tax liabilities. Petitioner argues that he has been denied due process and that his rights have been violated in prior proceedings before this and other courts.

FINDINGS OF FACT

Petitioner's 1995 and 1996 tax years were before this Court (designated docket No. 9029-99), and after a trial on the merits, a bench opinion was rendered on April 7, 2000. The bench opinion addressed whether petitioner and his wife were entitled to claim itemized deductions on Schedule A, Itemized Deductions, of their return regarding petitioner's employment and other miscellaneous items. Respondent, in accord with the decision entered pursuant to the holding in the bench opinion, assessed income tax of $4,186 and $2,557 for petitioner's 1995 and 1996 tax years, respectively. Petitioner appealed to the Court of Appeals for the Ninth Circuit and, on April 18, 2001, this Court's decision was affirmed in an unpublished opinion. Orr v. Commissioner, 87 AFTR 2d 2001-832 (9th Cir. 2001).

On February 9, 2001, respondent issued a Form 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, to petitioner, and on March 9, 2001, petitioner submitted a Form

12153, Request for a Collection Due Process Hearing, with respect to his 1995 and 1996 years. After the cancellation of two previously scheduled section 6330[1] hearings, one was held with petitioner on February 22, 2002. At that hearing, petitioner raised only questions concerning the merits of his underlying tax liabilities, which the Appeals officer advised could not be considered because petitioner had already had that opportunity before the Tax Court. The Appeals officer offered petitioner collection alternatives and provided forms for an offer in compromise. At the hearing petitioner provided the Appeals officer with 10 checks, each in the amount of $20.42, which petitioner had received from the Treasury of the United States (the Treasury) and wished to have applied to his 1995 liability.

Following the conference with Appeals, petitioner supplied completed offer-in-compromise forms, and a determination was made that petitioner had sufficient assets to pay the outstanding 1995 and 1996 tax liabilities in full. Accordingly, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 concluding that respondent may proceed with collection of petitioner's 1995 and 1996 tax liabilities was mailed to petitioner, and he appealed to this Court.

---

[1] All section references are to the Internal Revenue Code in effect for the years in issue.

OPINION

Section 6330 provides that, upon request and in the circumstances described therein, a taxpayer has a right to a hearing which consists of the following elements: (1) An impartial officer will conduct the hearing; (2) the conducting officer will receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (3) certain issues may be heard such as spousal defenses and offers-in-compromise; and (4) a challenge to the underlying liability may be raised if the taxpayer did not receive a statutory notice of deficiency or otherwise receive an opportunity to dispute the liability. Sec. 6330(c).

Concerning the tax years under consideration, petitioner already had an opportunity, before this Court and the Court of Appeals for the Ninth Circuit, to question the underlying merits of the income tax deficiencies for 1995 and 1996. Accordingly, petitioner is not entitled to contest the underlying merits of his 1995 and 1996 income tax liabilities. See sec. 6330(c)(2)(B); Sego v. Commissioner 114 T.C. 604 (2000); Goza v. Commissioner, 114 T.C. 176 (2000).

Petitioner has not raised any arguments other than those that question the merits of his liabilities; i.e., he raised no issues about the conduct of the hearing or verification that administrative procedures had been followed, or about collection

alternatives. Petitioner submitted voluminous materials, including his testimony concerning his employment by the Department of the Treasury and his claim that he was a "whistle blower". Petitioner contends that the Department of the Treasury has conspired with the Internal Revenue Service to pursue petitioner by harassing him with income tax matters. Petitioner also believes that the Federal court system has participated in some form of Government collusion against him. The provisions of section 6330 do not provide petitioner with a forum in this proceeding to address such matters. Simply, petitioner's allegations, if proven, go to the underlying merits of his 1995 and 1996 tax liabilities, and under section 6330(c)(2)(B), petitioner is precluded from raising the merits where he already had an opportunity to do so.

Respondent has provided petitioner with a section 6330 hearing, and petitioner has not shown an abuse of discretion by respondent. Accordingly, we hold that respondent did not abuse his discretion in determining to proceed with enforced collection of petitioner's 1995 and 1996 income tax liabilities.

To reflect the foregoing,

<u>Decision will be entered permitting respondent to proceed with collection</u>.